12245

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONII SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 1619 |
| STEVEN MEDER, SCOTT VON ALMEN, | ) | |
| NICHOLAS LINKLATER, UNKNOWN | ) | |
| DOWNERS GROVE POLICE OFFICERS, and | ) | |
| THE VILLAGE OF DOWNERS GROVE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AT LAW

NOW COME Defendants, STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and THE VILLAGE OF DOWNERS GROVE, and for their ANSWER to Plaintiff's COMPLAINT AT LAW state as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

ANSWER: Defendants admit the allegations of paragraph one.

### VENUE

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

ANSWER: Defendants admit the allegations of paragraph two.

1

3. Upon belief Defendants STEVEN MEDER, SCOTT VON ALMEN, and NICHOLAS LINKLATER reside in the State of Illinois and the Northern District of Illinois.

ANSWER: Defendants admit the allegations of paragraph three.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

ANSWER: Defendants admit the allegations of paragraph four.

**PARTIES**

5. Plaintiff is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

ANSWER: Defendants admit the allegations of paragraph five.

6. Upon belief, Defendant STEVEN MEDER was, at all times relevant to this action, employed by The Village of Downers Grove as a police officer with the Downers Grove Police Department.

ANSWER: Defendants admit the allegations of paragraph six.

7. Upon belief, Defendant SCOTT VON ALMEN was, at all times relevant to this action, employed by The Village of Downers Grove as a police officer with the Downers Grove Police Department.

ANSWER: Defendants admit the allegations of paragraph seven.

8. Upon belief, Defendant NICHOLAS LINKLATER was, at all times relevant to this action, employed by The Village of Downers Grove as a police officer with the Downers Grove Police Department.

ANSWER: Defendants admit the allegations of paragraph eight.

9. Upon belief, Defendants UNKNOWN DOWNERS GROVE POLICE OFFICERS were, at all times relevant to this action, employed by The Village of Downers Grove as police officers with the Downers Grove Police Department.

ANSWER: Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph nine.

10. Defendant THE VILLAGE OF DOWNERS GROVE is a municipal corporation within the State of Illinois, and was at all times material to this action, the employer of Defendants Steven Meder, Scott von Almen, Nicholas Linklater, and Unknown Downers Grove Police Officers.

ANSWER: Defendants admit that the Village of Downers Grove was at all relevant times the employer of Defendants Steven Meder, Scott von Almen, Nicholas Linklater, pleading further, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph ten.

11. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS are sued in their individual capacities.

ANSWER: Defendants Meder, Von Almen and Linklater admit that they are sued in their individual capacities and pleading further lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph eleven.

## FACTS

12. On August 14, 2009, Plaintiff's wife drove Plaintiff home from a wedding.

ANSWER: Defendants deny the allegations of paragraph twelve.

13. While on the way home, Plaintiff decided to exit the car and walk instead.

ANSWER: Defendants admit the allegations of paragraph thirteen.

14. Plaintiff's wife drove along side Plaintiff and tried to persuade Plaintiff to return to the car.

ANSWER: Defendants admit that Plaintiff's wife drove along side Plaintiff, but pleading further lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph fourteen.

15. Another driver observed Plaintiff and his wife and contacted 911.

ANSWER: Defendants admit the allegations of paragraph fifteen.

16. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS all responded to the 911 call.

ANSWER: Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER and the Village of Downers Grove admit that Officers Meder, Von Almen and Linklater responded to the 911 call regarding Plaintiff and his wife, pleading further defendants deny the remaining allegations of paragraph sixteen.

17. Defendants could see that Plaintiff was not violating any laws.

ANSWER: Defendants deny the allegations of paragraph seventeen.

18. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS used tasers on Plaintiff.

ANSWER: Defendants admit that Officers Meder and Von Almen used tasers on Plaintiff, pleading further defendants deny the remaining allegations of paragraph eighteen.

19. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS used excessive force against Plaintiff.

ANSWER: Defendants deny the allegations of paragraph nineteen.

20. Plaintiff was arrested without probable cause.

ANSWER: Defendants deny the allegations of paragraph twenty.

21. Defendants STEVEN MEDER and NICHOLAS LINKLATER signed complaints against Plaintiff alleging two counts of driving under the influence, one count of resisting a peace officer, and one count of battery.

ANSWER: Defendants admit that Officers signed complaints against Plaintiff alleging two counts of driving under the influence, one count of resisting a peace officer, and one count of battery.

## COUNT I: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

22. Plaintiff restates and realleges all the statements made in paragraphs 12-21 of this Complaint as though fully set forth herein.

ANSWER: Defendants restate their answers to paragraphs 12-21 as and for their answers to this paragraph twenty-two as though fully set forth herein.

23. On August 14, 2009, Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS used excessive force against Plaintiff.

ANSWER: Defendants deny the allegations of paragraph twenty-three.

24. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS violated Plaintiffs

right to be free from unreasonable search and/ or seizure when they used excessive force against him.

ANSWER: Defendants deny the allegations of paragraph twenty-four.

25. As a result of this excessive force, Plaintiff suffered extreme physical and emotional harm.

ANSWER: Defendants deny the allegations of paragraph twenty-five.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever.

## COUNT II: BATTERY UNDER ILLINOIS LAW

26. Plaintiff restates and realleges all the statements made in paragraphs 12-21 and 23-25 of this Complaint as though fully set forth herein.

ANSWER: Defendants restate their answers to paragraphs 12-21 and 23-25 as and for their answers to this paragraph twenty-six as though fully set forth herein.

27. On August 14, 2009, Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS willfully touched Plaintiff when Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS, of their own volition, punched, beat, and used a taser on Plaintiff.

ANSWER: Defendants admit that they made physical contact with Plaintiff and used a taser on Plaintiff in an effort to effect a lawful arrest upon him, pleading further state that the force used by Defendants was reasonable and necessary to overcome Plaintiff's physical resistance to arrest and was therefore legally justified.

28. At no time did Plaintiff consent to being touched by Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS in this or any other way.

ANSWER: Defendants state that Plaintiff did not give express consent to being touched, but pleading further state that the physical contact they made with Plaintiff was in an effort to effect a lawful arrest upon him and was reasonable and necessary to overcome Plaintiff's physical resistance to arrest and was therefore legally justified.

29. As a result of this touching, Plaintiff suffered extreme physical and emotional harm.

ANSWER: Defendants deny the allegations of paragraph twenty-nine.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in nay amount whatsoever.

## COUNT III: FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff restates and realleges all the statements made in paragraphs 12-21, 23-25, and 27-29 of this Complaint as though fully set forth herein.

ANSWER: Defendants restate their answers to paragraphs 12-21, 23-25, and 27-29 as their answer to this paragraph thirty as though fully set forth herein.

31. On or about August 14, 2009, Plaintiff was arrested for driving under the influence.

ANSWER: Defendants admit the allegations of paragraph thirty-one.

32. There was no probable cause to arrest Plaintiff and it was done in violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

ANSWER: Defendants deny the allegations of paragraph thirty-two.

33. As a result of the actions of Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS, Plaintiff was arrested, held in jail, and suffered trauma.

ANSWER: Defendants admit that Plaintiff was arrested and held in police custody for processing, but pleading further deny the remaining allegations of paragraph thirty-three.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever.

**COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW**

34. Plaintiff restates and realleges all the statements made in paragraphs 12-21, 23-25, 27-29, and 31-33 of this Complaint as though fully set forth herein.

ANSWER: Defendants restate their answers to paragraphs 12-21, 23-25, 27-29, and 31-33 of this Complaint as their answer to this paragraph thirty-four as though fully set forth herein.

35. Defendants STEVEN MEDER, SCOTT VON ALMEN, NICHOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS intentionally engaged in extreme and outrageous behavior against Plaintiff, including, but not limited to, unjustifiably assaulting, battering, and using a taser on him.

ANSWER: Defendants deny the allegations of paragraph thirty-five.

36. As a result of the actions of Defendants STEVEN MEDER, SCOTT VON ALMEN, NIHCOLAS LINKLATER, and UNKNOWN DOWNERS GROVE POLICE OFFICERS, Plaintiff experienced and continues to experience great humiliation, disgrace, mental anguish, and otherwise incurred emotional distress.

ANSWER: Defendants deny the allegations of paragraph thirty-six.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever.

### COUNT V: CLAIM UNDER 745 ILCS 1019-102
### AGAINST DEFENDANT THE VILLAGE OF DOWNERS GROVE

37. Plaintiff restates and realleges all the statements made in paragraphs 12-21, 23-25, 27-29, 31-33, and 34-36 of this Complaint as though fully set forth herein.

ANSWER: Defendants restate their answers to paragraphs 12-21, 23-25, 27-29, 31-33, and 34-36 as and for their answer to this paragraph thirty-seven.

38. Defendant THE VILLAGE OF DOWNERS GROVE was, at all times material to this Complaint, the employer of Defendants Steven Meder, Scott von Almen, Nicholas Linklater, and Unknown Downers Grove Police Officers.

ANSWER: Defendants admit that the Village of Downers Grove was at all relevant times the employer of Defendants Steven Meder, Scott Von Almen, Nicholas Linklater, pleading further, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph thirty-eight.

39. Defendants Steven Meder, Scott von Almen, Nicholas Linklater, and Unknown Downers Grover Police Officers committed the acts alleged above in the scope of their employment as employees of Defendant THE VILLAGE OF DOWNERS GROVE.

ANSWER: Defendants admit that at all relevant times Defendants Meder, Von Almen, and Linklater were acting within the scope of their employment with the Village of Downers Grove, pleading further, Defendants deny committing any acts which violated the rights of or breached any duties owed to Plaintiff.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever.

## **AFFIRMATIVE DEFENSES**

NOW COME the defendants, Village of Downers Grove, Steven Meder, Scott Von Almen and Nicholas Linklater and pleading affirmatively aver the following defenses:

## **COUNT I**

Defendants Steven Meder, Scott Von Almen and Nicholas Linklater used force against Plaintiff that was reasonable and necessary to overcome Plaintiff's physical resistance to arrest and therefore did not violate any clearly established law and are entitled to qualified immunity on Count I of Plaintiff's Complaint.

## **COUNT II**

1. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater used force against Plaintiff that was reasonable and necessary to overcome Plaintiff's physical resistance to arrest and in compliance with Illinois law authorizing the use of such force. 720 ILCS 5/7-5 and 5/7-7.

2. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater exercised discretion is determining the amount of force necessary to use against Plaintiff to overcome Plaintiff's physical resistance to arrest and are immunized by section 2-201 of the Illinois Governmental and Governmental Employee Tort Immu.

3. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater did not engage in willful and wanton conduct in using force against Plaintiff to overcome Plaintiff's physical resistance to arrest and are immunized by section 2-202 of the Illinois Governmental and Governmental Employee Tort Immunity Act. 745 ILCS 10/2-201.

## COUNT III

1. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater had probable cause and/or had arguable probable cause in that a reasonable police officer possessed of the same information known to Defendants would have believed that probable cause existed for the arrest of Plaintiff and therefore Defendants did not violate any clearly established law and are entitled to qualified immunity on Count III of Plaintiff's Complaint.

## COUNT IV

1. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater used force against Plaintiff that was reasonable and necessary to overcome Plaintiff's physical resistance to arrest and in compliance with Illinois law authorizing the use of such force. 720 ILCS 5/7-5 and 5/7-7.

2. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater exercised discretion is determining the amount of force necessary to use against Plaintiff to overcome Plaintiff's physical resistance to arrest and in determining the existence of probable cause to arrest Plaintiff and are immunized by section 2-201 of the Illinois Governmental and Governmental Employee Tort Immunity Act. 745 ILCS 10/2-201.

3. Defendants Steven Meder, Scott Von Almen and Nicholas Linklater had probable cause to arrest Plaintiff and are immunized by section 2-208 of the Illinois Governmental and Governmental Employee Tort Immunity Act. 745 ILCS 10/2-208.

## COUNT V

1. The Village of Downers Grove is entitled to all immunities and defenses applicable to the individual defendants. 745 ILCS 10/2-109.

WHEREFORE, the defendants, Village of Downers Grove, Steven Meder, Scott Von Almen and Nicholas Linklater, pray that judgment be entered in their favor and against the plaintiff, Anthonii Sanders.

Respectfully submitted,

DeAno & Scarry

By: s/James L. DeAno

James L. DeAno

James L. DeAno – 6180161
Howard P. Levine – 6197286
Patrick F. Moran – 6279297
Emily E. Schnidt - 6298680
DeAno & Scarry
2100 Manchester Road
Suite A101
Wheaton, IL 60187
630-690-2800